**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Cristina M. Lipan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>  KIDVILLE OPCO, LLC, et al.[1],<br><br>            Debtors. | Chapter 7<br>Case No.: 20-11821 (MG) |

-----------------------------------------------------------------x

**DECLARATION OF RICHELLE KALNIT
IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I)
APPROVING AUCTION AND BID PROCEDURES FOR THE SALE OF CERTAIN
INTELLECTUAL PROPERTY, (II) PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE, AUTHORIZING THE SALE OF CERTAIN INTELLECTUAL
PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS, AND (III) GRANTING RELATED RELIEF**

I, Richelle Kalnit, hereby declare under penalty of perjury as follows:

1.   I am a Senior Vice President of Hilco IP Services, LLC d/b/a Hilco Streambank ("Hilco Streambank"), which has been retained as the Trustee's broker in connection with the sale or disposition of the intellectual property assets (collectively, the "Assets") of Kidville Opco, LLC (together with its debtor affiliates, the "Debtors") as set forth in the *Application Authorizing and Approving the Retention of Hilco IP Services, LLC d/b/a Hilco Streambank, as Broker to the Trustee to Market and Sell the Estates' Interests in Intellectual Property as of September 30, 2020* [Docket No. 33], which application was granted by the Court on November 30, 2020 [Docket No. 34].

---

[1] The Debtors are: Kidville Opco, LLC (20-11821), Kidville Franchise Company, LLC (20-11822), Kidville NY, LLC (20-11823), Kidville Union Square, LLC (20-11824), Kidville Bethesda, LLC (20-11825), Kidville Garden City, LLC (20-11826), Kidville Brentwood, LLC (20-11827), Kidville Lincoln Park, LLC (20-11828).

2.    I submit this declaration (this "Declaration") in support of the *Trustee's Motion for Entry of an Order: (I) Approving Auction and Bid Procedures for the Sale of Certain Intellectual Property, (II) Pursuant to Sections 105 and 363 of the Bankruptcy Code, Authorizing the Sale of Certain Intellectual Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (III) Granting Related Relief* [Docket No. 27] (the "Sale Motion"), for which an Order has been entered approving auction and bid procedures [Docket No. 31] (the "Sale Procedures Order").[2]

3.    Except as otherwise stated, all statements in this Declaration are based upon my review of relevant documents, my discussions with the Trustee and his professionals, including other members of Hilco Streambank, and my personal knowledge and experience.

4.    Hilco Streambank is an expert in the valuation, preservation, and monetization of intangible assets such as the Assets. Hilco Streambank has provided intangible asset advisory and brokerage services for dozens of retail and consumer companies. Many of those companies were debtors with chapter 11 or chapter 7 bankruptcy cases pending in this district.

5.    In connection with its engagement by the Trustee, Hilco Streambank worked with the Trustee and his professionals to identify and assemble relevant data concerning the Assets, and to market the Assets to potential buyers. Hilco Streambank's activities included:

(a)    identifying the Assets and assisting the Trustee in preserving the Assets;

(b)    developing marketing materials including a "teaser" and webpage describing the Assets, the history of their use and their availability for sale;

(c)    drafting and disseminating a press release via PR Newswire describing the Assets and their availability for sale;

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion and Sale Procedures Order.

2

(d)   developing a contact list of potential buyers of the Assets;

(e)   having direct contact by phone or email with approximately 154 potential buyers of the Assets;

(f)   disseminating email marketing materials that were sent to over 6,000 potential buyers of the Assets culled from Hilco Streambank's proprietary contact database;

(g)   establishing and populating a virtual data room (the "Data Room") and arranging for the admission of 26 parties to the Data Room who executed a form of non-disclosure agreement acceptable to the Trustee;

(h)   developing an Auction format for the Assets, including a bid form and bidder qualification guidelines;

(i)   managing the auction of the Assets (the "Auction");

(j)   working with the Trustee and the buyer of the Assets to document deliverables and terms of the sale; and

(k)   continuing to work with the Trustee and his professionals to close the sale of the Assets.

6.   Hilco Streambank and the Trustee notified potential buyers that any offers to acquire the Assets were required to be submitted in writing on or before December 14, 2020 at 4:00 p.m. ET (the "Bid Deadline"), together with a good-faith deposit equal to $25,000.

7.   Prior to the Bid Deadline, Hilco Streambank engaged with multiple interested parties. Ultimately, the Trustee received bids from four (4) bidders. All of the parties made bids that were deemed qualified as contemplated by the Bid Procedures (the "Qualified Bidders").

8.   On December 16, 2020, the Trustee convened the Auction among the four (4) Qualified Bidders utilizing a video conferencing platform. Non-speaking participants were also able to appear telephonically. After nine (9) rounds of competitive bidding, the final bid of Tiger Liu (the "Successful Bidder") was the highest and best bid for the Assets. The Successful Bid was for $150,000, which was $120,000 higher than the opening bid at the Auction of $30,000. A *Notice of Successful Bidder* [Docket No. 42], filed on December 16, 2020, includes schedules of

the Assets purchased by the Successful Bidder (the "Sale"). The Backup Bidder, New Kidville LLC, submitted a bid for $130,000.

9. The Sale was negotiated, proposed, and entered into by the Trustee and the Successful Bidder without collusion and in good faith, and resulted from arm's-length bargaining positions. Moreover, to the best of my knowledge, no common identity of directors or controlling shareholders exists between the Debtors and the Successful Bidder. I believe that the Successful Bid represents the highest and best offer available for the Assets after the reasonable and thorough marketing process conducted by Hilco Streambank and the Trustee. Accordingly, in my opinion, granting the relief requested in the Sale Motion is in the best interests of the Trustee, the Debtors' estates, and creditors.

10. A hearing to consider entry of an order approving the Sale Motion is scheduled before the Court on December 17, 2020. Subject to Court approval of the Sale Motion and the Purchase Agreement, the Trustee and the Successful Bidder intend to move expeditiously to consummate the Sale of the Assets to the Successful Bidder.

[*Remainder of Page Intentionally Left Blank*]

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and accurate to the best of my personal knowledge and information.

Dated: December 16, 2020

                                                        */s/ Richelle Kalnit*
                                                       Richelle Kalnit